IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC THOMAS WRHEL,

      Plaintiff,

 v.                   OPINION & ORDER

UNITED STATES OF AMERICA and      16-cv-758-jdp
UNITED STATES INTERNAL REVENUE SERVICE,[1]

      Defendants.

---

  Eric Thomas Wrhel, a Madison resident appearing pro se, brings the latest in a series of lawsuits against the United States concerning the alleged miscalculation of his taxes related to gambling income, as well as harassing behavior of Internal Revenue Service officials. I dismissed his previous cases in part because he had failed to exhaust administrative remedies on his potential claims under 26 U.S.C. § 7422 ("Civil actions for refund") and § 7433 ("Civil damages for certain unauthorized collection actions"). *See Wrhel v. United States*, No. 15-cv-732-jdp, 2016 WL 4507393 (W.D. Wis. Aug. 26, 2016); *Wrhel v. U.S. Treasury-Internal Revenue Serv.*, No. 15-cv-39-jdp, 2016 WL 1122103 (W.D. Wis. Mar. 22, 2016). The United States has filed a motion to dismiss the new case, Dkt. 11, which I will grant in part and deny in part. Wrhel has filed a series of motions asking for the court to issue injunctions or subpoena parties who are not part of the action, so I will deny those motions. The case will proceed only on Wrhel's claims under §§ 7422 and 7433.

---

[1] The IRS is not a proper defendant in this case. I will dismiss it, leaving the United States (the proper defendant) in the caption. *See Wrhel v. U.S. Treasury-Internal Revenue Serv.*, No. 15-cv-39-jdp, 2016 WL 1122103, *3 (W.D. Wis. Mar. 22, 2016).

**A. Motion to dismiss**

Wrhel's new complaint is similar to his previous ones: he presents a difficult-to-follow story about his ongoing dispute with the IRS, mostly about the IRS's apparent mistake in attempting to collect taxes due on Wrhel's 2010 gambling winnings after failing to send a notice of deficiency to a proper last-known address for him. He includes a list of legal theories underlying his claims, including "Conspiracy to Defraud, 2 counts Illegal Search and Seizure, Trespassing, Harassment, Spoliation of Evidence, Illegal Taxation, Gross Negligence, Suppression of Evidence, [and] Violat[ion of] Treasury Regulation § 301.7433-1." Dkt. 1, at 2.

The United States moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). The government is correct that generally, the United States has not waived its sovereign immunity regarding tort or constitutional claims against the IRS and its officials. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *Clark v. United States*, 326 F.3d 911 (7th Cir. 2003). So Wrhel cannot bring most of the causes of action listed in his complaint, and I will grant the motion to dismiss regarding these causes of action. But as I have stated in Wrhel's previous cases, the United States has waived its sovereign immunity with regard to claims that can be brought against it under the Internal Revenue Code concerning tax collection and refunds. Wrhel specifically mentions the IRS regulation expanding on 26 U.S.C. § 7433, but even if he did not, he is not required to plead his legal theories. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741 (7th Cir. 2010). In his previous cases, I have discussed his potential claims regarding "unauthorized collection actions" under § 7433 and claims for refund under 26 U.S.C. § 7422. Those are the causes of action under which this lawsuit may be brought.

I dismissed those claims previously because of exhaustion problems, but the United States no longer seeks dismissal based on Wrhel's failure to exhaust his administrative remedies because it concedes that Wrhel exhausted his remedies through an administrative claim denied by the IRS in November 2016. *See* Dkt. 1-1. Instead, the government contends that Wrhel's current allegations fail to state cognizable claims under these statutes, in large part because his allegations are conclusory and vague.

To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

I routinely explain to pro se plaintiffs that to satisfy Rule 8, a complaint should be drafted as if the plaintiff were telling a story to people who knew nothing about the plaintiff's situation. Wrhel's current complaint fails on that score, but I will not dismiss the case outright because of it. I would usually have the pro se litigant file an amended complaint to better explain the events that he believes show the violation of his rights. Here, Wrhel has beaten me to the punch. In his brief opposing the motion to dismiss, he states, "I think I was pretty straightforward in my summons and complaint for why we are here. There seems to be a lack of seriousness by the defendants with regard to what they have done to me so let me explain further . . . ." Dkt. 13, at 2. He then provides a detailed statement of the events underlying his

claims. The government addresses these allegations in its reply. Because Wrhel has already done what I likely would have ordered him to do in response to the motion to dismiss, I will consider the recitation of events in his brief as a supplement to his complaint. In that supplement, Wrhel states the following:

**1. Allegations of fact**

Starting in July 2014, IRS agents began contacting Wrhel about unfiled returns. Wrhel responded to the letter by writing back, stating that he had hired an accounting firm to work on the problem. In early August, Wrhel saw a person "illegally parked in front of [his] home, taking pictures, with their cell phone, of items sitting on [his] property. . . . [Wrhel] had no idea who this person was." About a week later, Wrhel's housekeeper notified him that a man was "on [his] property." The man left "IRS literature" and the business card for an IRS agent at the door. On the card, a note was written stating that Wrhel "must call" him back by 4 p.m. the next day. Wrhel met with his accountant, called the agent, and arranged to have his returns filed by mid-September 2014. Wrhel states that that was earlier than he had originally believed because he had earlier submitted a request for extension, which the IRS now claimed it had not received. After firing his accountant and hiring a new one, Wrhel submitted his forms in mid-October 2014.

But this did not stop communications from the IRS. A few days later, Wrhel received a tax bill for $393.53 for unpaid 2010 taxes. He later received notification that a "seizure action had been taken against [him]." After speaking with IRS personnel, Wrhel learned that this tax assessment concerned winnings from a casino. He also learned that the IRS had sent out notices to him at an incorrect address in Iowa, even though his Madison address was on his return for the 2010 and previous years. When Wrhel pressed the IRS for information about the address

confusion, it withheld the information from him until he requested the information via court order.

Wrhel filed a petition for redetermination in the United States Tax Court, and the court concluded that the IRS never properly sent Wrhel a notice of deficiency. Wrhel received a check form the IRS for $335.59, apparently as a partial refund for the amount it had incorrectly taxed. But the IRS also subjected Wrhel to additional penalties and interest on this amount.

### 2. Claims under the Internal Revenue Code

The United States has waived its sovereign immunity with respect to taxpayer suits for refunds. *See* 26 U.S.C. § 7422. Wrhel alleges that he was incorrectly forced to pay $393.53 in 2010 taxes and then also pay penalties and interest associated with that incorrect assessment. In its reply, the United States contends that Wrhel has no claim for refund because he has already been refunded the correct amount, and he does not allege that the refund check he received is for the incorrect amount. Wrhel does not explicitly say that he was refunded the wrong amount, but I must construe his pro se complaint "liberally" and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations omitted). The figures he incudes in the supplement show that the amount of the refund he received is less than the amount he was assessed. And he also alleges that he was forced to pay penalties and interest for the incorrect assessment. I conclude that he has stated a claim for refund under § 7422, so I will deny the government's motion to dismiss as it pertains to this claim.

The United States has also waived its sovereign immunity for claims that an IRS employee violated the Internal Revenue Code or associated regulations in connection with the collection of federal taxes. *See* 26 U.S.C. § 7433.

The government contends that Wrhel's allegations fail to state a claim under this provision. It argues that Wrhel's complaint "does not contain any reference to a statute or regulation that he believes an IRS employee recklessly, intentionally, or negligently disregarded in connection with collecting a federal tax." Dkt. 14, at 5. But Wrhel is not required to include that degree of specificity in his complaint. *See Gray v. United States*, 723 F.3d 795, 802 (7th Cir. 2013) ("We do not hold that the statutes and/or regulations allegedly violated must be identified in the district court complaint . . . ."). The question is whether the facts he alleges, and reasonable inferences from those facts, could support a plausible claim under this statute.

The government stresses that many of Wrhel's allegations have to do with the *assessment* of taxes rather than the *collection*, to which § 7433 is limited. I agree that Wrhel cannot bring a § 7433 claim about the assessment of his taxes, but he also alleges that the IRS negligently or intentionally sent notices about the 2010 taxes to the incorrect address. At least some of the notices associated with past-due taxes fall on the collection side of the assessment/collection divide. *See Miller v. United States*, 763 F. Supp. 1534, 1543 (N.D. Cal. 1991) ("as the Government acknowledges, a notice and demand for payment constitute a collection action"). And although IRS agents are allowed to interact with persons owing taxes, at least during times and at places that are not "unusual," they are not allowed to "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." *See* 26 U.S.C.A. § 6304 ("Fair tax collection practices"). Wrhel states that IRS employees harassed him by stating that he needed to respond to them within one business day, lost his request for an extension, and withheld information about his gambling-income-related taxes. After further factual development of these events at summary judgment or trial, it may become apparent that the IRS's actions fell within acceptable

6

standards of conduct. But at the motion-to-dismiss stage, I conclude that Wrhel has alleged enough to state plausible claims under § 7433.

At this point, I will not allow Wrhel to include as part of his claims the allegation that an unknown person took photographs of his home. Wrhel merely speculates that this person was associated with the IRS. As discussed further below, it is clear from his motion for issuance of a subpoena for this person that Wrhel has no idea who this person is or why he was taking pictures of his home.

The government also contends that Wrhel's claims must be dismissed because he failed to allege "actual, direct economic damages," which are the only types of damages (other than the cost of the action itself) recoverable under § 7433. *See also Gessert v. United States*, 703 F.3d 1028, 1034 (7th Cir. 2013) (plaintiff "must allege actual economic damage to state a claim under section 7433"). Wrhel states that he has "suffered unnecessary anxiety, unnecessary unrest, unnecessary depression which caused [him] an inability to effectively operate [his] pepperidge farm business." Wrhel's allegation that his business suffered because of the turmoil caused by the IRS's actions is sufficient, at least at the pleading stage, to support his claim for damages. Accordingly, I will deny the United States' motion to dismiss Wrhel's § 7433 claims.

**B. Wrhel's motions**

Wrhel has filed a motion for this court to order Wisconsin senators and representatives to respond to his letters to discuss with him modifying the scope of the United States' sovereign immunity. Dkt. 17. I will deny the motion because Wrhel's request is preposterous. This case is moving forward on Wrhel's claims under the Internal Revenue Code, and the court's power is limited to overseeing the litigation of those claims. Wrhel remains free to lobby his elected

representatives to change the United States Code, but the court has no role to play in those lobbying efforts.

Wrhel has filed a motion asking the court to issue a subpoena for and issue injunctive relief against the person he has identified as the owner of the car he saw outside his home when a man took photographs of his home:

> Good day Judge. Please approve and issue the enclosed subpoena for Mr. Adam X Wrathkey. This is the owner of the vehicle, that I witnessed in front of my home on June 13, 2017, taking pictures of my home and my car.
>
> Please also schedule a time for him to appear for questioning as to the nature of his business that day. I further request the camera used to take the pictures be turned over so the pictures can be removed from their existence.
>
> I further ask the court to issue a no contact restraining order to Mr. Wrathkey for the remainder of the time that I remain in the United States.

Dkt. 24. I will deny this motion. As I stated above, it is clear that Wrhel does not know who Wrathkey is, and he is at best speculating that he is connected to the IRS's tax collection efforts. Without some evidence linking Wrathkey to the events of this case, there is no reason for this court to consider issuing a subpoena. Even if Wrathkey worked for the IRS, it is highly unlikely that the court would take the extreme types of action that Wrhel asks the court to do here—confiscate photographs or issue a restraining order against Wrathkey—but because the claims against Wrathkey are not part of the case, I will simply deny his requests as outside the scope of the lawsuit. As the case moves forward, Wrhel will be able to conduct discovery about the scope of the collection actions undertaken by the IRS, and if it turns out that his hunch that Wrathkey is an IRS employee is correct, Wrhel may amend his complaint to include that new information.

Finally, Wrhel has filed a motion for an "immediate conference" to resolve the case via settlement. I will deny that motion. The next step in this case is a telephonic preliminary pretrial conference before Magistrate Judge Stephen Crocker. The point of that conference is to set a schedule for the remainder of the proceedings in this case, not to hold settlement talks. Wrhel remains free to discuss settlement with the government, but the court will not order it at this point in the litigation.

ORDER

IT IS ORDERED that:

1. Defendant United States Internal Revenue Service is DISMISSED from the case.

2. Plaintiff Eric Thomas Wrhel's brief in opposition to defendant United States' motion to dismiss, Dkt. 13, will be considered as a supplement to plaintiff's complaint.

3. Defendant United States' motion to dismiss, Dkt. 11, is GRANTED in part and DENIED in part as reflected in the opinion above.

4. Plaintiff's motion for an order compelling members of Congress to respond to his letters, Dkt. 17, is DENIED.

5. Plaintiff's motion for issuance of a subpoena and for injunctive relief, Dkt. 24, is DENIED.

6. Plaintiff's motion for a settlement hearing, Dkt. 28, is DENIED.

7. The clerk of court is directed to schedule a telephonic preliminary pretrial conference before Magistrate Judge Stephen Crocker.

Entered September 29, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge